UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:15-bk-03827 |
| GEORGE A. O'NEAL, JR. and ) | Chapter 13 |
| JULIE F. O'NEAL, ) | Judge Walker |
| ) | **OBJECTION DEADLINE: AUGUST 18, 2016** |
| ) | **HEARING SET: SEPTEMBER 7, 2016, 8:30 A.M.** |
| Debtors. ) | **701 BROAD, COURTROOM 1, CUSTOMS HOUSE** |
| ) | **NASHVILLE, TN 37203** |

## CALVARY SPV I, LLC'S RESPONSE IN OPPOSITION TO DEBTORS' OBJECTION TO ITS CLAIM

Comes now Calvary SPV I, LLC, as assignee of Capitol One, N.A., creditor in this matter (hereinafter "Calvary"), by and through counsel, and responds to the Debtors' Objection to Claim of Calvary SPV I, LLC [Doc. 54]:

1. Calvary timely filed its proof of claim [Claim No. 6] on September 18, 2015 (the "Claim") in the amount of $10,972.42 for amounts due by the Debtors under the original open-end revolving consumer credit agreement with Capitol One, N.A. Calvary purchased Capitol One's unpaid balance of accounts via a Bill of Sale, with a closing date of July 22, 2015, a copy of which was attached to the Claim.

2. When filing the Claim, Calvary inadvertently failed to attach, as supporting documentation to its claim, monthly account statements.

3. Calvary has now rectified that oversight by filing an amended proof of claim [Claim No. 6-2] attaching monthly account statements, in addition to the other documentation supporting the balance owed, as previously attached to the original proof of claim.

4. Creditors need not obtain court approval prior to filing an amended proof of claim. *In re Curry*, 425 B.R. 841 (Bankr. D. Kan. 2010). Amendments to timely filed proofs of claim may be filed after the bar date if the amendment does not introduce distinctly new and

different claims. *In re Candy Braz,* 98 B.R. 375 (Bankr. N.D. Ill. 1988). *See also, In re Tanaka Bros. Farms, Inc*. 36 F.3d 996 (10th Cir. 1994)(creditor's late-filed amendments to proof of claim should be treated with liberality, as leave to amend in straight bankruptcy proceedings is freely allowed where purpose is to cure defect in claims as originally filed).

     5.     Even if this Court were not to consider the amendment to the proof of claim, the failure to attach complete supporting documentation to the original proof of claim does not automatically invalidate the claim, but rather only deprives the claim of its *prima facie* validity. So long as a creditor presents evidence at the hearing of the contested matter to substantiate its claims, a bankruptcy claim should not be disallowed based on lack of supporting documentation. *In re Kemmer*, 315 B.R. 707 (Bankr. E.D. Tenn. 2004). *See also*, *In re Wells*, 407 B.R. 873 (Bankr. N.D. Ohio 2009)(mere failure to adhere to requirements of Bankruptcy Rule by providing facts and documents necessary to support claim is not basis for disallowing claim); *In re Lasky*, 364 B.R. 385 (Bankr. C.D.Cal. 2007)(fact that creditor did not execute and file its proof of claim in accordance with requirements of Bankruptcy Rule is not basis for disallowing claim, but serves merely to deprive claim of its prima facie validity); *In re Broadband wireless Intern. Corp.*, 295 B.R. 140 (B.A.P. 10th Circ. 2003)(if requisite proof initially omitted from proof of claim is presented at hearing, burden shifts to objecting party just as if the necessary proof had been submitted with the proof of claim); *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004), *aff'd* 2006 WL 2820005 (D.Utah 2006)(fact that creditor's proof of claim is not filed in accordance with Bankruptcy Rules does not provide independent ground for disallowance of claim; it merely deprives claim of its prima facie validity).

Wherefore, based on the foregoing, Calvary respectfully requests that it be heard at the September 7, 2016 hearing on this matter in order to allow it to introduce evidence of the validity of its claim, and that the Court deny the Debtors' Objection to its claim.

Respectfully submitted,

/s/Daniel H. Puryear
Daniel H. Puryear; No. 18190
Puryear Law Group
102 Woodmont Boulevard
The Woodmont Centre, Suite 520
Nashville, TN 37205
(615) 630-6601 - Telephone
(615) 630-6602 - Facsimile
E-Mail: dpuryear@puryearlawgroup.com

Counsel for Calvary SPV I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The parties may access this filing through the Court's electronic filing system.

/s/ Daniel H. Puryear
Daniel H. Puryear